# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES DAVIS,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.,*

    *Respondents.*

2:10-cv-01365-RLH-LRL

ORDER

This habeas action comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases.

On the application to proceed *in forma pauperis*, the Court finds that petitioner is unable to pay the $5.00 filing fee, and the application therefore will be granted.

Turning to initial review, under Local Rule LSR 3-1, petitioner must file the petition on the Court's required Section 2254 petition form. In the present case, petitioner did not complete the page for Ground 2 regarding exhaustion of state court remedies, and he did not include and complete the pages regarding exhaustion of state court remedies for Grounds 3 through 14. Moreover, Grounds 5 through 14 are not set forth on pages from this Court's required petition form but instead are set forth on what appears to be a copy of pages from a state court petition form. Petitioner must use the Court's required petition form and only that form to set forth his entire petition and all of the claims therein.

The instructions for the Court's petition form further require that petitioner attach copies of all state court decisions regarding the conviction and sentence. Petitioner failed to do so.

The Court further will direct petitioner to attach additional state court materials relevant to initial review in this case.

The statement of the claims in the petition further lacks the specificity required under Habeas Rule 2(c). Habeas pleading is not notice pleading, and a habeas petitioner instead must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56, 125 S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005). Even under a more liberal notice pleading standard, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009).

Petitioner's allegations in Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 fail to state sufficiently specific habeas claim upon which relief may be granted. None of these grounds include sufficient factual detail supporting the conclusory legal claims made. While Grounds 5 and 6 contain minimal allegations regarding the testimony of Elizabeth Brown, the allegations are not sufficiently specific to state a viable habeas claim; and petitioner further refers in Ground 5 only vaguely to evidence of an alternative suspect and to testimony by other state witnesses. While Grounds 8 and 10 contain allegations regarding alleged statements by the prosecutor to the press, the grounds contain no specific allegations supporting an inference that petitioner's criminal trial was adversely affected as a result. With particular regard to petitioner's claims of ineffective assistance of counsel, petitioner must allege specifically what his counsel failed to do and specifically how he was prejudiced as a result. Conclusory allegations, for example, only that defense counsel failed to adequately investigate the case and that petitioner was prejudiced in some unspecified manner fail to state a claim for federal habeas relief.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition. The motion for counsel will remain under submission pending the completion of initial review.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall file an amended petition on the Court's required Section 2254 petition form that remedies the deficiencies identified in this order.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, 2:10-cv-01365-RLH-LRL, above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the Court.

IT FURTHER IS ORDERED that petitioner shall attach with the amended petition copies of the following: (a) the judgment of conviction; (b) the briefing and/or fast track statement filed on petitioner's behalf on any direct appeal challenging the judgment of conviction; (c) the decision of the Supreme Court of Nevada on any such direct appeal, together with the remittitur; (d) any state post-conviction petition or other petition filed in the state courts seeking to challenge the judgment of conviction; and (e) all decisions by the state district court and state supreme court on the petitions filed, together with all remittiturs issued.

This action will be dismissed without further advance notice if petitioner fails to both fully and timely comply with this order.

The Clerk of Court shall send petitioner two copies of a noncapital Section 2254 petition form with one copy of the instructions for same along with a copy of the petition that he submitted.

DATED:   August 12, 2010.

_____
ROGER L. HUNT
Chief United States District Judge