# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES DAVIS,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.,*

    *Respondents.*

2:10-cv-01365-RLH-LRL

ORDER

This habeas action comes before the Court for initial review of the amended petition (#5) under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") as well as on petitioner's earlier motion (#2) for appointment of counsel.

### *Background*

According to the pleadings and attachments, petitioner James Davis seeks to set aside his April 27, 2004, Nevada state conviction, pursuant to a guilty plea, of first-degree murder. Under the guilty plea agreement, the State stipulated to a sentence of life with the possibility of parole after 20 years. The state district court sentenced Davis, in line with the plea agreement, to life with the possibility of parole after 20 years.[1]

In the prior screening order (#3) in this federal habeas matter, the Court informed petitioner, *inter alia,* of the pleading requirements of Habeas Rule 2 and that the claims in the original petition lacked the specificity required under Rule 2. The Court gave petitioner an

---

[1] #5, at electronic docketing pages 10-11 & 18. While the amended petition indicates that petitioner pled not guilty, the attachments to which he refers clearly reflect that he was convicted pursuant to a guilty plea. The sentence imposed constitutes a sentence for first-degree murder under N.R.S. 200.030.

opportunity to file an amended petition correcting, if possible, the deficiencies in the original petition.

### *Governing Law*

Habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56, 125 S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005). Even under a more liberal notice pleading standard, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. ___ U.S. at ___, 129 S.Ct. at 1950. The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655, 125 S.Ct. at 2570. A habeas petition instead must "state facts that point to a real possibility of constitutional error." *Id.*

### *Discussion*

#### *Ground 1*

In Ground 1, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment. Petitioner alleges conclusorily only that counsel made "errors so serious" that he was deprived of a fair trial. He alleges that counsel "failed to adequately investigate the State witnesses and the case," such that he "was prejudiced and [such] that Petitioner['s] criminal trial was affected as a result of not having a fair trial." #5, at 3.

The foregoing allegations constitute nothing more than formulaic conclusions of law devoid of any further factual enhancement. Amended Ground 1 essentially repeats the conclusory allegations of original Ground 1, which the Court already has held failed to state a sufficiently specific habeas claim upon which relief may be granted. The only – equally conclusory – allegations added in amended Ground 1 are allegations that counsel "failed to

adequately investigate" the case, such that petitioner was "prejudiced" in some unspecified manner. As the Court specifically stated in the prior order:

> . . . . Conclusory allegations, for example, only that defense counsel failed to adequately investigate the case and that petitioner was prejudiced in some unspecified manner fail to state a claim for federal habeas relief.

#3, at 2, lines 22-24. Plaintiff clearly has failed to "state facts that point to a real possibility of constitutional error," as his conclusory formulaic allegations are devoid of any factual enhancement.

Amended Ground 1 accordingly fails to state a claim upon which relief may be granted.

***Ground 2***

In Ground 2, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment. He presents a conclusory "laundry list" of alleged errors by counsel, including bare allegations that counsel failed to move for a continuance to prepare first for trial and thereafter for sentencing, to request a psychiatric report, to investigate and present character witnesses, to seek a presentence investigation report, to present meaningful arguments to the sentencing judge, and to investigate the medical examiner's report or cross-examine the medical experts. Petitioner alleges that he never saw counsel except in court. He asserts conclusorily that counsel's "ineffective assistance was so prejudice [sic] that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected" his performance. He alleges that counsel slandered him at sentencing "by saying that I did sexual things to my sister" but that when petitioner spoke with his sister about it "she said she don't know or talk to anyone" with counsel's name.[2]

Petitioner's conclusory laundry list of alleged errors fails to state a claim upon which relief may be granted. As the Court informed petitioner in the prior screening order, "petitioner must allege specifically what his counsel failed to do and specifically how he was prejudiced as a result." Conclusory allegations, *e.g.*, that counsel failed to move for a continuance or

---

[2] #5, at 5.

1  failed to call character witnesses lack any factual enhancement and do not state specific facts
2  that point to a real possibility of constitutional error. Petitioner's additional vague reference
3  to counsel stating at sentencing that he did "sexual things" with his sister also does not point
4  to a real possibility of constitutional error on the minimal allegations presented. Prejudice is
5  not apparent from the sparse allegations presented given that petitioner received the
6  sentence stipulated under the plea agreement.

Amended Ground 2 accordingly fails to state a claim upon which relief may be granted.

### *Ground 3*

In Ground 3, petitioner alleges that he was denied due process of law in violation of the Fourteenth Amendment because of "suppression of evidence by the prosecution" favorable to the defense," "suppression of petitioner's forced confessions," and "the presentation of testimony known [by the State] to be perjured."

The foregoing allegations again constitute nothing more than formulaic conclusions of law devoid of any further factual enhancement. Amended Ground 3 is similar to original Grounds 4 through 7 and 9. The Court held that these grounds all lacked the required specificity. Amended Ground 3 is even more conclusory than original Grounds 5 through 7 and 9, and petitioner otherwise merely carries forward the same conclusory allegations that he made in original Ground 4. Petitioner does not specify either the exculpatory evidence that allegedly was suppressed or the allegedly perjured testimony allegedly knowingly used by the State. Nor does he specify how he was prejudiced by an alleged suppression of forced confessions, as it typically would be the *introduction* rather than the suppression of an allegedly forced confession that would lead to a due process violation.

Amended Ground 3 accordingly fails to state a claim upon which relief may be granted.

### *Remaining Matters*

The petition, as amended, accordingly will be dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court notes that, given the procedural history outlined in the state district court order attached with the amended petition, it is extremely unlikely at this juncture that petitioner could present claims that are timely,

1  exhausted and not procedurally defaulted.  Petitioner's reference to "newly discovered
2  evidence" in the amended petition is as conclusory and unsupported by factual specifics as
3  are his claims.  Petitioner has filed multiple actions over the years in this Court seeking to
4  challenge, in one fashion or another, the conviction in question, but he as yet has not
5  presented a viable pleading, whether via 28 U.S.C. § 2254, 28 U.S.C. § 2255, 42 U.S.C. §
6  1983, or a mandamus action.  The Court has cautioned petitioner previously regarding the
7  impropriety of filing multiple actions merely to vex or harass.[3]

8  Given that the petition, as amended, fails to present a viable claim for relief, and further
9  given the multiple procedural hurdles that would be presented to an adequately stated claim
10 at this juncture, the Court does not find that the interests of justice warrant the appointment
11 of counsel.

12 IT THEREFORE IS ORDERED that the petition, as amended, shall be DISMISSED
13 without prejudice for failure to state a claim upon which relief may be granted, following upon
14 petitioner previously having been given an opportunity to amend to state a claim.

15 IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of
16 reason would not find the dismissal of the petition for failure to state a claim, after the
17 previously provided opportunity for amendment, to be debatable or wrong.

18 IT FURTHER IS ORDERED that the motion (#2) for counsel is DENIED.

19 The Clerk of Court shall provide petitioner a copy of #5 with this order, and the Clerk
20 shall enter final judgment accordingly, in favor of respondents and against petitioner,
21 dismissing this action without prejudice.

22 DATED:  March 30, 2011.

_____
ROGER L. HUNT
Chief United States District Judge

---

28  [3] See No. 3:04-cv-0528-LRH-RAM, #3, at 3-4.